# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ATHENS DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>v.<br><br>**DWAYNE ROBERT BUSSEY,**<br><br>*Defendant.* | **CRIMINAL ACTION NO.**<br>**3:24-cr-00029-TES-CHW-1** |

### ORDER GRANTING IN PART AND DENYING IN PART
### UNOPPOSED MOTION TO CONTINUE TRIAL IN THE INTEREST OF JUSTICE

Before the Court is an Unopposed Motion to Continue [Doc. 25] filed by Defendant Dwayne Robert Bussey, and as set out below, it is **GRANTED in part** and **DENIED in part**. The Court continues the pretrial conference for this case, but it **does not** continue trial to "the next available trial term." [Doc. 25, pp. 1, 3].

In September 2024, the Government obtained an Indictment [Doc. 1] charging Defendant Bussey with Possession with Intent to Distribute Methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii) and 18 U.S.C. § 2. [Doc. 1, p. 1]. On February 11, 2025, Defendant Bussey pled "Not Guilty," at his initial appearance and arraignment. [Doc. 12]; [Doc. 13]; [Doc. 25, p. 1]. Defendant Bussey is currently incarcerated, and a pretrial conference is currently set for May 1, 2025. [Doc. 12]; [Doc. 16]; [Doc. 19]; [Doc. 25, p. 1]. Given the date of the pretrial conference, trial would begin on June 23, 2025.

While the grant of a continuance is left to the sound discretion of the trial judge, *United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the Court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

18 U.S.C. § 3161(c)(1). However, the Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." *Id.* at § 3161(h)(7)(A). In granting such a continuance, the Court may consider, among other factors, whether the failure to grant the continuance "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." *Id.* at § 3161(h)(7)(B)(iv).

In his motion, Defendant Bussey seeks to continue the pretrial conference set for May 1, 2025, and requests a third continuance to give his attorney "additional time to meet and review" the Government's plea offer with him. [Doc. 25, pp. 1–2]. Although the Government does not oppose another continuance, the Court is confident—despite Defendant Bussey's medical treatment—that counsel can meet with Defendant Bussey between now and June 23, 2025, to adequately review the Government's plea offer

when he returns to the Butts County Jail. [*Id.* at pp. 2–3]. Thus, "taking into account the exercise of due diligence," a third continuance is not warranted for this case, and it will remain on the Court's trial calendar for *June 23, 2025*. 18 U.S.C. § 3161(h)(7)(B)(iv). The Court does, however, **CONTINUE** the pretrial conference currently scheduled for May 1, 2025, to *June 4, 2025*, in Athens, Georgia.

**SO ORDERED**, this 23rd day of April 2025.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**